**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22CV-P235-JHM**

**JEFFERY JOHNSON**                                                                                                       **PLAINTIFF**

v.

**UA SCHANKS** *et al.*                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffery Johnson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.[1] This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was a convicted inmate at the Kentucky State Reformatory (KSR) at the time pertinent to the events. He has since been transferred to the Calloway County Jail. Plaintiff sues the following KSR officers in their individual and official capacities: "UA"[2] Schanks; Officer William Willson (elsewhere referred to as "Wilson"); Lt. Nolan; Lt. Rae; and Officer Jullian (elsewhere referred to as "Julian").

In the complaint, Plaintiff alleges as follows:

In May Plaintiff was locked in CPTU/Segragation 24/7 then in June while still on 24/7 lock down in CPTU the cells were flooded human waste and waste water . . . were all over the inside of my cell with the foul smell . . . they . . . did not mop or clean cells and locked me back in the disgusting cell then again minutes later the cell was again flooded with . . . human waste . . . from another man were on the toilet seat & floor.

---

[1] This case was originally assigned to the Honorable Judge Rebecca G. Jennings and was reassigned to the undersigned (DN 21).
[2] Presumably, "UA" is an abbreviation for "Unit Administrator."

Plaintiff contends that he complained to Defendant Schanks who "stood at the door looked in the window and did nothing."

Plaintiff further states as follow:

> I was not givin a shower as everyone else was . . . Im on a walker and can not use a walker with my hands cuffed to my waist and for weeks [Defendants] Officers William Wilson Lt Rae, Lt Nolan & Officer Julian & others refused me a shower They would not get me a wheelchair to take me to the shower Officer Julian stated when I begged for a shower I dont give a f*** I dont have to get U A wheel chair[.]

Plaintiff alleges that he was kept for over three weeks in these conditions and forced to eat meals in his cell during that time. He states that at the end of the third week, Defendant "Nolan grew a consus and took me to the shower without hand cuffs to my waist so I could use my walker." He reports that he "still suffers issues from cruel & unusual punishment still to day" and asked for counseling but was ignored.

Plaintiff also maintains that Defendant "Rae would call us[] Fagots and tell us to suck his d*** and call everyone d*** suckers." He alleges that "these cruel conditions . . . have in fact resulted in criminal charges against Plaintiff in Calloway County Ky. that Plaintiff is being detained in prison for since 9-3-21 because of Defendant action aggravating Plaintiffs mental condition." He states that he was charged "for a letter written under extreme, emotional duress at the time Plaintiff was covered in human waste & being forced to eat meals in these in human conditions."

Plaintiff alleges that Defendants violated the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and caused intentional/wanton infliction of emotional distress and episodes "of PTSD witch have resulted in good time loss and furter segregation." He further alleges that Defendants violated the Americans with Disabilities Act (ADA)/Rehabilitation

Act (RA) because of "giving other people showers that did not require a walker & denying Plaintiff shower who required a walker."

As relief, Plaintiff seeks compensatory and punitive damages, preliminary injunctive relief, and a "Seize & Disest Order."

## II. STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although this Court recognizes

that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Claim for injunctive relief

In the "Relief" section of the complaint form, Plaintiff seeks a preliminary injunction or temporary restraining order (TRO) and a "Seize & Disest Order." He provides no specifics as to the particular relief he seeks. Plaintiff did, however, file a separate motion for "Preliminary Injunction/TRO/Seize & Desist Order" (DN 3) along with his complaint. In that motion, Plaintiff sought an order "stoping Defendants From Locking [him] In Segragation/CPTU" and "Forbiding Defendants & DOC/KSR From Putting Plaintiff In Segragation/CPTU Again." The Court denied that motion finding that Plaintiff complained about incidents which occurred in 2021 and failed to assert credible evidence of an actual, viable, and presently existing threat of irreparable harm (DN 8). Moreover, the record reflects that Plaintiff has now been transferred to Calloway County Jail (DN 14). Thus, any claim for injunctive relief became moot upon his transfer out of KSR. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). For these reasons, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

**B. 42 U.S.C. § 1983 claims**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### a. Official-capacity claims

The claims brought against Defendants, who are employees of a state prison, in their official capacities are deemed claims against the Commonwealth of Kentucky. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for damages against Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### b. Individual-capacity claims

#### i. First and Fifth Amendments

Under the First Amendment, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

Under the Fifth Amendment,

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V.

Plaintiff fails to explain how either the First or Fifth Amendment applies to his allegations, and the Court can discern no plausible claim under either Amendment. Accordingly, the First and Fifth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted.

#### ii. Eighth and Fourteenth Amendments

The Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, and the Due Process Clause of the Fourteenth Amendment provides similar protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cnty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). Because Plaintiff was a convicted inmate at the time of the alleged events, his claim under the Fourteenth Amendment will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendant Rae made abusive comments to him. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same). Therefore, Plaintiff's claim against Defendant Rae based on verbal abuse will be dismissed for failure to state a claim upon which relief may be granted.

Upon review, the Court will allow Plaintiff's Eighth Amendment claims based on the alleged conditions of his confinement in the segregation unit to proceed against Defendants Schanks, Willson, Nolan, Rae, and Jullian their individual capacities.

**B. ADA/RA**

Construing the complaint broadly, as is required at this stage, the Court construes the complaint as alleging that Plaintiff was denied a shower for three weeks because of his disability in violation of the ADA and the RA. These claims against Defendants in their individual capacities fail because "neither the ADA nor the RA impose liability upon individuals." *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004); *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("Title II of the ADA does not provide for a cause of action against government officials sued in their individual capacities."). Therefore, Plaintiff's claims under the ADA and RA against Defendants in their individual capacities will be dismissed for failure to state a claim.

Upon review, the Court will allow Plaintiff's claims under Title II of the ADA and under the RA to proceed against Defendants Willson, Nolan, Rae, and Jullian in their official capacities.

### C. State-law claims

Plaintiff also alleges intentional infliction of emotional distress. This is a state-law claim. State law claims against Defendants in their official capacities are barred by sovereign immunity. *See Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001); *Com. v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001). Therefore, those claims must be dismissed for seeking monetary relief from Defendants who are immune from such relief.

Upon review, <u>the Court will allow this claim to proceed against Defendants Schanks, Willson, Nolan, Rae, and Jullian in their individual capacities</u>.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Plaintiff's claims for injunctive relief; his § 1983 claims against Defendants in their official-capacities; his § 1983 claims against Defendants in their individual-capacities based on violations of the First, Fifth, and Fourteenth Amendment and verbal abuse; his individual-capacity claims under the ADA and RA; and his official-capacity claims for intentional infliction of emotional distress are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

The Court will enter a separate Service and Scheduling Order governing the claims which will be allowed to proceed.

Date: May 17, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010